UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

RIVA JANES and BRUCE SCHWARTZ, :
individually and on behalf of all others :
similarly situated, :
 :
    Plaintiffs, :
 :
    v. :
 :
 : **06 CV 1427**
TRIBOROUGH BRIDGE AND TUNNEL :
AUTHORITY, METROPOLITAN : Civil Action No. _____
TRANSPORTATION AUTHORITY, :
PETER S. KALIKOW, individually and :
as Chairman of the Metropolitan Transportation :
Authority, and MICHAEL C. ASCHER, :
individually and as President of the :
Triborough Bridge and Tunnel Authority, :
 :
    Defendants. :

---------------------------------------- x

RECEIVED FEB 22 2006 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE JONES

    Plaintiffs Riva Janes and Bruce Schwartz, by their attorneys Locks Law Firm PLLC, and the Law Office of Harley Schnall, as and for their Complaint against Defendants, alleges as follows:

### NATURE OF CASE

    1.    This is a civil rights class action, brought by plaintiffs RIVA JANES and BRUCE SCHWARTZ (hereinafter "Plaintiffs") on behalf of themselves and all others similarly situated, arising from the differential and discriminatory toll policies that Defendants have in effect at certain bridges in New York City by which discounts are made available to residents of certain areas of New York State to the exclusion of residents of other states or other areas of New York State.

2.      As set forth below in more detail, Plaintiffs allege the differential and discriminatory toll pricing violates the United States Constitution, Art. I, § 8, Cl. 3 ("the Commerce Clause"), Art. IV, § 2, Cl. 1 and Amend. XIV, § 1 ("the Privileges and Immunities Clause") and Amend. XIV, § 1 ("the Equal Protection Clause"), and thereby is actionable under 42 U.S.C. § 1983, and that the pricing also violates the New York State Constitution, Art. I, § 11, and has led Defendants to be unjustly enriched to the detriment of Plaintiffs and the other members of the Class.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343 because this action is filed to obtain injunctive and compensatory relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and federal law pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper under 28 U.S.C. § 1391(b) because Defendants have their principal places of business within this District.

## THE PARTIES

5.      Plaintiff Riva Janes is an individual who resides in Monmouth County in the State of New Jersey and who used the Verrazano-Narrows Bridge and paid tolls there during the relevant alleged class period.

6.      Plaintiff Bruce Schwartz is an individual who resides in Queens County in the State of New York and who used the Cross Bay Veterans Memorial Bridge during the relevant alleged class period.

7.      Defendant Metropolitan Transit Authority ("MTA") was and is a public benefit corporation organized and existing under and by virtue of a charter by the State of New York, and at all relevant times was charged with managing transportation facilities in the New York City metropolitan area. Through its constituent entity, the Triborough Bridge and Tunnel Authority ("TBTA"), also known as MTA Bridges and Tunnels ("MTABT"), the MTA operates seven bridges and two tunnels in the State of New York, including the following facilities: the Verrazano-Narrows Bridge, the Cross Bay Veterans Memorial Bridge and the Marine Parkway Gil Hodges Memorial Bridge.

8.      In 1968, the TBTA was made part of the MTA. The principal place of business of the MTA, as well as the TBTA, is located at 347 Madison Avenue, New York, New York.

9.      The MTA and the TBTA are neither the "alter egos" nor the "arms" of the State of New York, but are autonomous corporations, and thus, do not come within the aegis of the Eleventh Amendment of the U.S. Constitution.

10.     Defendants Peter S. Kalikow and Michael C. Asher are, respectively, Chairman of the MTA and President of the TBTA, and under their aegis the policies and actions of the MTA and TBTA, respectively, are set, continued and directed, and, as such they are policy makers with respect to the conduct alleged herein. Both of these individuals are sued in their personal and official capacities.

## ALLEGATIONS

11.     The Commerce Clause of the United States Constitution (Article I, § 8, cl. 3) prohibits states and their agencies from impacting the flow of interstate commerce through non-uniform tolls, tariffs or taxation schemes.  Similarly, the Privileges and Immunities (U.S. Constitution Article IV, Section 2, cl. 1; Amendment XIV, Section 1) and Equal Protection Clauses (Amendment XIV, Section 1) prohibit any state or state agency from discriminating against out-of-state residents through non-uniform tolls, tariffs or taxation schemes.

12.     During the Class Period, as defined in paragraph 24, and continuing today, Defendants have implemented and/or maintained policies setting a higher price for bridge tolls on several bridges within its control within New York City, particularly on the Verrazano-Narrows Bridge ('Verrazano"), the Marine Parkway-Gil Hodges Memorial Bridge ("Marine") and the Cross Bay Veterans Memorial Bridges ("Cross Bay"), for motorists with motor vehicle registrations from states other than New York and from all areas of New York, except for Staten Island and Rockaway/Broad Channel residents, as defined by Defendants.

13.     The Verrazano, Marine and Cross Bay bridges are all owned by Defendants MTA and/or TBTA.

14.     The Verrazano, Marine and Cross Bay bridges are all operated by Defendants MTA and/or TBTA

15.     The Verrazano, Marine and Cross Bay bridges are all maintained by Defendants MTA and/or TBTA.

16. The vehicle tolls on the Verrazano, Marine and Cross Bay bridges are all collected by Defendants MTA and/or TBTA.

17. The vehicle tolls on the Verrazano, Marine and Cross Bay bridges are all property of the Defendants MTA and/or TBTA.

18. The vehicle toll policies concerning the Verrazano, Marine and Cross Bay bridges are all controlled by Defendants MTA and/or TBTA.

19. Under the discriminatory pricing policies of Defendants, for the Verrazano facility, the normal toll is $9.00, but residents of Staten Island have been accorded a preferential discount of up to $6.75; for the Cross Bay facilities, the normal toll is $2.25, but residents of Rockaway and Broad Channel have been accorded a preferential discount of up to $2.25 – the full amount of the toll; and for the Marine facility, the normal toll is $2.25, but residents of Rockaway and Broad Channel have been accorded a preferential discount of up to $1.25 (See MTA Bridges And Tunnels New Toll Rates from Defendant MTA's website at http://www.mta.nyc.ny.us/bandt/traffic/btmain.htm#ez, a copy of which is attached hereto as Exhibit "A" and is incorporated as it fully set forth herein).[1]

20. The Verrazano discounts set forth immediately above are only available to residents living on the island and borough of Staten Island as evidenced by their vehicle registrations ("SI"), while the Marine and Cross Bay discounts set forth immediately above are only available within the following zip codes: 11691, 11692, 11693, 11694, 11695, 11697, all of which encompass the Rockaway and Broad Channel areas of New York City as evidenced by their vehicle registrations ("R/BC").

---

[1] While the amounts of the various tolls were different prior to the effective date of the new toll rates, *i.e.*, March 13, 2005, preferential discounts identical in all respects except as to the amounts were available during the entire Class Period to residents of Staten Island and of Rockaway and Broad Channel.

21. During the relevant time period (that is, within the class period), Plaintiffs JANES and SCHWARTZ used the Defendants' facilities and paid higher nonresident toll rates, without any ability to obtain the preferential discounts accorded the residents of the particularized locales set forth in the immediately preceding paragraph.

22. The use of the facilities at issue in this lawsuit and the preferential tolls collected by Defendants all directly implicate interstate commerce and monetarily affect the travel of citizens of the United States who were not residents of the preferentially treated locations in New York State. The amounts of the tolls discriminatorily collected is presently unknown and exclusively within the knowledge of Defendants, but the amount is substantial and, upon information and belief, runs into millions of dollars per year. No substantial government interest supports the discriminatory toll structure, and whatever ends it seeks to achieve could be achieved by alternatives that do not discriminate according to residence.

23. By charging Plaintiffs and the other class members for tolls at a higher rate than the preferentially treated New York residents, Defendants have violated the Constitution's Commerce, Privileges and Immunities and Equal Protection Clauses, fe as well as having violated Article I, § 11 of the New York State Constitution, and have also caused Defendants to be unjustly enriched to the detriment of Plaintiffs and the other members of the Class who paid the full non-discounted amounts.

24. Unless enjoined, Defendants will continue to charge discriminatory tolls to those citizens of the United States who are not residents of the preferentially treated locations in New York State.

**CLASS ACTION ALLEGATIONS**

25. Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the following class (the "Class") of:

> All United States citizens who, since January 17, 2000 (the "Class Period") paid tolls at the Verrazano-Narrows Bridge, the Cross Bay Veterans Memorial Bridge or the Marine Parkway Gil Hodges Memorial Bridge without the benefit of the resident discount that had been made available by Defendants for residents of specific locations in New York State. Excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

26. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, each day thousands of United States citizens use the facilities at issue in this lawsuit.

27. Common questions of law and fact exist as to all members of the Class, in that they all have and had their rights to the protections provided by the United States Constitution and Defendants have acted in a common manner towards Plaintiffs and all the members of the Class. The common questions of law and fact that exist relate to the maintenance of the discriminatory toll policies alleged herein and whether Defendants have any basis for these policies so as to make them constitutionally permissible. These claims are archetypically common and identical as to all members of the Class.

28. Plaintiffs' claims are typical of the claims of the members of the Class inasmuch as both named Plaintiffs are members of the Class and have paid the discriminatory tolls and, by virtue of their continued use of Defendants' facilities, will hereafter continue to pay the discriminatory tolls unless Defendants are enjoined from maintaining their discriminatory toll structure. Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of

the Class. Plaintiffs have no interests that are adverse to the interests of the members of the Class, have retained counsel experienced in class action litigation to prosecute their claims, and are adequate Class representatives.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the Class is impracticable given the large number of Class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, protects the rights of each member of the Class, and permits resolution of the controversy presented in a single, unitary proceeding.

30. Upon information and belief, there are no other actions pending to address the Defendants' allegedly wrongful conduct.

31. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(2), in that all Class members were subject to the same discriminatory toll policies and their individual monetary damages are incidental to the existence of the allegedly Constitutionally-violative policies. In addition to, and in the alternative, Plaintiffs seek certification under Rule 23(b)(3) or seek partial certification under Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS FOR VIOLATION OF THE COMMERCE, PRIVILEGES AND IMMUNITIES AND/OR EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSTITUTION

32.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 31 as if set forth fully herein.

33.     Defendants, under color of law, conspired with one another to deprive plaintiffs and members of the Class of their constitutional rights, including their rights (a) under the Commerce Clause, (b) under the Privileges and Immunities Clause and/or (c) under the Fourteenth Amendment equal protection and due process of law sections because the programs imposed impermissible burdens on interstate commerce by charging higher tolls on nonresidents, thereby discriminating against out-of-state interests.

34.     The discriminatory toll programs are facially discriminatory against out-of-state interests. They place burdens on interstate commerce that exceed any local benefit that allegedly may be derived from it.

35.     Defendants, PETER S. KALIKOW and MICHAEL C. ASCHER, acting individually and in their official capacities as supervisory and/or administrative officers of Defendants MTA and TBTA, under color of law, institute, authorize, ratify, permit and/or acquiesce in the enactment and the enforcement of the discriminatory toll programs which violate Plaintiffs' and the Class' Constitutional rights, including, but not limited to, Plaintiffs' and the Class' right to interstate travel, equal protection and/or due process of law, all in violation of the Commerce Clause, the Privileges and Immunities

9

Clause and/or the Fourteenth Amendment and in violation of the laws of the United States and of 42 U.S.C. § 1983.

36. As a direct and proximate result of Defendants' violation of one or more of the constitutional rights of Plaintiffs and the Class, Plaintiffs and the Class have sustained ascertainable damages related to the collection of tolls in an amount to be determined at trial, and unless Defendants are enjoined will continue to suffer such damages hereafter.

37. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

38. Plaintiffs are entitled to declaratory, injunctive and compensatory relief, as is set forth below.

39. Plaintiffs are entitled to attorney fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE NEW YORK STATE CONSTITUTION, Art. I, § 11.**

40. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 39 as if set forth fully herein.

41. Defendants, under color of law, conspired with one another to deprive plaintiffs and members of the Class of their rights, including their rights under the New York State Constitution, Art. I, § 11 because the discount programs imposed conditions different on one geographic area of New York different to all other areas of New York, thereby discriminating against all other New York residents other than those eligible for the discounts.

42. The discriminatory toll programs are facially discriminatory against the interests of all New York residents not eligible for the discounts. They place burdens on that exceed any local benefit that allegedly may be derived from it.

43. Defendants, PETER S. KALIKOW and MICHAEL C. ASCHER, acting individually and in their official capacities as supervisory and/or administrative officers of Defendants MTA and TBTA, under color of law, institute, authorize, ratify, permit and acquiesce in the enactment and the enforcement of the discriminatory toll programs which violate Plaintiffs' and the Class' New York State Constitutional rights.

44. As a direct and proximate result of Defendants' violation of Plaintiffs' and the Class' New York State Constitutional rights, Plaintiff and the Class have sustained ascertainable damages related to the collection of tolls in an amount to be determined at trial, and unless Defendants are enjoined will continue to suffer such damages hereafter.

45. Plaintiffs are entitled to declaratory, injunctive and compensatory relief, as is set forth below, as well as such other relief as the Court deems proper, as well as costs of suit, as is set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR UNJUST ENRICHMENT

46. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 45 as if set forth fully herein.

46. By virtue of their obtaining monies in connection with their practices which are unconstitutional under the United States and New York Constitutions, Defendants have been unjustly enriched to the detriment of Plaintiffs and the other members of the Class.

47.	Defendants' retention of the monies it has gained through its wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

47.	Defendants should be required to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which it has been unjustly enriched.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR MONEY HAD AND RECEIVED**

48.	Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 47 as if set forth fully herein.

49.	Defendants unlawfully charged or caused the unlawful charging of Plaintiffs and other members of the Class toll charges to which Defendants were not legally entitled, and by doing so Defendants collected or received money belonging to Plaintiffs and other members of the Class to which Defendants were not entitled.

50.	Defendants benefited from the receipt of the money unlawfully collected from the Plaintiffs and the members of the Class, and Plaintiffs and the members of the Class have a right under the circumstances to have such monies returned to them, in whole or part, under principles of law.

**DEMAND FOR TRIAL BY JURY**

51.	Plaintiffs hereby demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JANES and SCHWARTZ on behalf of themselves and on behalf of a Class of others similarly situated, request that this Honorable Court grant them the following relief:

A. An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with JANES and SCHWARTZ as Class representatives;

B. A declaratory judgment against Defendants declaring their preferential toll discount policies, practices and programs to be unconstitutional and improper;

C. A preliminary and permanent injunction enjoining Defendants from continuing to engage in their preferential toll discount policies, practices and programs;

D. A judgment against all Defendants, awarding damages and/or restitution to each named Plaintiff and each member of the proposed Class in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis; and

E. A monetary award for attorney's fees and the costs of this action, including, in applicable, expert witness fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23.

F. For such other and further relief as to the Court seems proper, together with the costs of this action.

Dated: New York, New York
February 22, 2006

Respectfully submitted,

*[signature]*

Seth R. Lesser (SL-5560)
Andrew P. Bell (AB-1309)
LOCKS LAW FIRM, PLLC
110 E. 55th Street, 12th Floor
New York, NY 10022
212.838.3333 (tel)
www.lockslaw.com

Harley J. Schnall (HS-7341)
LAW OFFICE OF HARLEY J. SCHNALL
711 West End Avenue
New York, New York 10025
(212) 678-6546

Attorneys for Plaintiffs and the Class

# **EXHIBIT A**

**Metropolitan Transportation Authority**
State of New York

# MTA Bridges and Tunnels
# New Toll Rates

### Effective March 13, 2005

- Non E-ZPass
- E-ZPass

## Crossing Charges For Fare Media Other Than E-ZPass

| Classification | Verrazano-Narrows Bridge (a) | Triborough, Bronx-Whitestone, and Throgs Neck Bridges and Queens Midtown and Brooklyn-Battery Tunnels | Henry Hudson Bridge | Marine Parkway-Gil Hodges Memorial and Cross Bay Veterans Memorial Bridges |
|---|---|---|---|---|
| 1 Two-axle vehicles, including: passenger vehicles, station wagons, self-propelled mobile homes, ambulances, hearses, vehicles with seating capacity of not more than 15 adult persons (including the driver), and trucks with maximum gross weight (MGW) of 7,000 lbs. and under | $4.50 | $4.50 | $2.25 | $2.25 |
| The following discounted charges are available for eligible class 1 vehicles (b): | | | | |
| *Prepaid charges through discount token roll purchase | | | | $1.50(b) |
| *Prepaid charges per crossing for registered Staten Island Residents using an eligible vehicle with three or more occupants (HOV) | $1.125 | | | |
| *Prepaid charges per crossing for registered Staten Island Residents using an eligible vehicle through token roll purchase | $3.20(b) | | | |
| * Prepaid charges per crossing for registered Rockaway Peninsula/Broad Channel Residents using an eligible vehicle through token roll purchase | | | | $1.333(b) |

| Classification | Verrazano-Narrows Bridge (a) | Triborough, Bronx-Whitestone, and Throgs Neck Bridges and Queens Midtown and Brooklyn-Battery Tunnels | Henry Hudson Bridge | Marine Parkway-Gil Hodges Memorial and Cross Bay Veterans Memorial Bridges |
|---|---|---|---|---|
| *Each additional axle costs | $2.00 | $2.00 | $1.25 | $1.25 |
| 2 All vehicles with MGW greater than 7,000 lbs and buses (other than franchise buses using E-ZPass and motor homes) | | | | |
| *Two-axle vehicles | $9.00 | $9.00 | | $4.50 |
| *Each additional axle | $5.00 | $5.00 | | $2.50 |
| 3 Two-axle franchise buses | $3.50 | $3.50 | | $1.75 |
| 4 Three-axle franchise buses | $4.25 | $4.25 | | $2.25 |
| 5 Motorcycles | $2.00 | $2.00 | $2.00 | $2.00 |
| *Each additional axle | $1.00 | $1.00 | $1.00 | $1.00 |

The Authority reserves the right to determine whether any vehicle is of unusual or unconventional design, weight, or construction and therefore not within any of the listed categories. The Authority also reserves the right to determine the crossing charge for any such vehicle of unusual or unconventional design, weight, or construction.

Bicycles are not permitted over Bronx-Whitestone, Throgs Neck, Henry Hudson, and Verrazano-Narrows Bridges, or through the tunnels. Such vehicles may cross the Triborough, Marine Parkway-Gil Hodges Memorial, and Cross Bay Veterans Memorial Bridges without payment of crossing charge, but must be walked across the pedestrian paths of such bridges.

Only vehicles authorized to use parkways are authorized to use the Henry Hudson Bridge. An unauthorized vehicle using the Henry Hudson Bridge must pay the Marine Parkway-Gil Hodges Memorial Bridge rate.

(a) Under Verrazano-Narrows one-way crossing charge collection program, all per crossing charges shown should be doubled. Presently paid in westbound direction only.
(b) Prepaid discount token roll sales may be discontinued when permissible.

## Crossing Charges for Prepaid E-ZPass

| Classification | Verrazano-Narrows Bridge (a) | Triborough, Bronx-Whitestone, and Throgs Neck Bridges and Queens Midtown and Brooklyn-Battery Tunnels | Henry Hudson Bridge | Marine Parkway-Gil Hodges Memorial and Cross Bay Veterans Memorial Bridges |
|---|---|---|---|---|
| 1 Two-axle vehicles, including: passenger vehicles, station wagons, self-propelled mobile homes, ambulances, hearses, vehicles with seating capacity of not more than 15 adult persons (including the driver), and trucks with maximum gross weight (MGW) of 7,000 lbs. and under | $4.00 | $4.00 | $1.75 | $1.50 |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| *Registered Staten Island Residents using an eligible vehicle | | $2.40 | | | |
| *Registered Rockaway Residents using an eligible vehicle | | | | | $1.00 |
| *Each additional axle costs | | $2.00 | $2.00 | $1.25 | $1.25 |
| 2 | All vehicles with MGW greater than 7,000 lbs and buses (other than franchise buses using E-ZPass and motor homes) | | | | |
| | *Two-axle vehicles | $7.20 | $7.20 | | $3.60 |
| | *Each additional axle | $4.00 | $4.00 | | $2.00 |
| 3 | Two-axle franchise buses | $2.80 | $2.80 | | $1.40 |
| 4 | Three-axle franchise buses | $3.40 | $3.40 | | $1.80 |
| 5 | Motorcycles | $1.75 | $1.75 | $1.25 | $1.25 |
| | *Each additional axle | $1.00 | $1.00 | $1.00 | $1.00 |

The Authority reserves the right to determine whether any vehicle is of unusual or unconventional design, weight, or construction and therefore not within any of the listed categories. The Authority also reserves the right to determine the crossing charge for any such vehicle of unusual or unconventional design, weight, or construction.

Bicycles are not permitted over Bronx-Whitestone, Throgs Neck, Henry Hudson, and Verrazano-Narrows Bridges, or through the tunnels. Such vehicles may cross the Triborough, Marine Parkway-Gil Hodges Memorial, and Cross Bay Veterans Memorial Bridges without payment of crossing charge, but must be walked across the pedestrian paths of such bridges.

Only vehicles authorized to use parkways are authorized to use the Henry Hudson Bridge. An unauthorized vehicle using the Henry Hudson Bridge must pay the Marine Parkway-Gil Hodges Memorial Bridge rate.

E-ZPass crossing charges are available subject to terms, conditions and agreements established by the Authority.

(a) Under Verrazano-Narrows one-way crossing charge collection program, all per crossing charges shown should be doubled. Presently paid in westbound direction only.
(b) Prepaid discount token roll sales may be discontinued when permissible.

Copyright © 1996-2006 Metropolitan Transportation Authority. All rights reserved.