UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RIVA JANES and BRUCE SCHWARTZ,
individually and on behalf of all others
similarly situated,

           Plaintiffs,

v.

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY,
PETER S. KALIKOW, individually and as
Chairman of the Metropolitan
Transportation Authority, and SUSAN
KUPFERMAN, individually and as
President of the Triborough Bridge and
Tunnel Authority,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-22-06

06 CV 1427 (BSJ) (HBP)

[~~PROPOSED~~] **STIPULATION AND
ORDER GOVERNING THE
PRODUCTION AND USE OF
CONFIDENTIAL MATERIAL**

        IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their undersigned counsel, as follows:

        1.    This Order shall govern all Discovery Materials, which are defined to include all documents and information produced in response to any discovery request promulgated under the Federal Rules of Civil Procedure in the above-captioned action (the "Action") by any party or by persons or entities that are not parties to the Action. Discovery Materials shall also include all documents or information derived from other Discovery Materials, all copies, excerpts or summaries thereof, and all deposition and hearing transcripts.

        2.    All Discovery Materials (including but not limited to Confidential Discovery Materials and Highly Confidential Discovery Materials as defined in paragraphs 3 and 4 hereof) shall be used by the parties solely for the prosecution and

defense of this Action, and not for any other purpose. Any person or entity in possession of Confidential Discovery Materials or Highly Confidential Discovery Materials (as defined below) shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents in a manner that is not consistent with this Stipulation and Order.

3.  Counsel for any person or entity subject to discovery in the Action may designate as "Confidential" any non-public Discovery Materials when such materials contain confidential information or information qualifying for protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure. (Such materials are referred to as "Confidential Discovery Materials".) Any documents or information derived from Discovery Materials designated as "Confidential" shall also be considered "Confidential." A person or entity designating Discovery Materials as "Confidential" may withdraw such designation at any time.

4.  Counsel for any person or entity subject to discovery in the Action may designate as "Highly Confidential" any non-public Discovery Materials when such materials contain trade secrets or sensitive governmental, commercial, financial, or business information, including without limitation confidential information that pertains to sensitive deliberative or other internal workings of a government-related entity, or because the information would identify personal information respecting individuals in which they have privacy interests (such as identifying personal information for users of the E-ZPass system). (Such materials are referred to as "Highly Confidential Discovery Materials".) Any documents or information derived from Discovery Materials designated as "Highly Confidential" shall also be considered "Highly Confidential." A

2

person or entity designating Discovery Materials as "Highly Confidential" may withdraw such designation at any time.

5. Any documents or other tangible materials designated as Confidential Discovery Materials or Highly Confidential Discovery Materials shall be so designated by marking the same with the legend "Confidential" or "Highly Confidential" on each page of the relevant materials at the time of their production. Failure to designate materials as Confidential Discovery Materials or Highly Confidential Discovery Materials at the time of their production may be remedied by supplemental written notice. If such notice is given, all documents or other materials so designated shall be thereafter fully subject to this Stipulation and Order as Confidential Discovery Materials or Highly Confidential Discovery Materials.

6. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event that any party objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential" or seeks to use any Discovery Materials other than as permitted by this Stipulation and Order, the party shall so state by letter to counsel for the person or entity making the designation. Copies of any such letter shall be sent to counsel for all parties in the Action. If the issue cannot be resolved informally following the delivery of such objection, the party objecting to the designation of the Discovery Materials as "Confidential" or "Highly Confidential" or seeking to use the Discovery Materials may move before the Court to determine whether the material at issue qualifies for "Confidential" or "Highly Confidential" treatment. Until the Court rules on such motion,

or in the absence of any such motion by the objecting party, the Discovery Materials at issue shall continue to be deemed and treated as Confidential Discovery Materials or Highly Confidential Discovery Materials under this Stipulation and Order.

7. If any person uses Confidential Discovery Materials or Highly Confidential Discovery Materials or discloses any such materials on the record of any proceeding before the Court, including trial, the portion of the transcript, record, computer disk or any other recording method thereof that refers to such information shall be deemed subject to the provisions of this Stipulation and Order. The transcript, record pages, or computer disk, or other recording method containing such information shall be marked "Confidential" or "Highly Confidential" and shall be maintained separately from the remainder of the transcript, record pages, or computer disk, or other recording method.

8. No person shall disclose Confidential Discovery Materials, directly or indirectly, to any other person except as provided in this Order. Confidential Discovery Materials may be inspected by and disclosed only to the following persons, and only insofar as such inspection or disclosure is reasonably necessary for the prosecution or defense of this action:

    (a) the Court, necessary Court personnel, and jurors;

    (b) the named parties and/or Court appointed class representatives in this Action (including directors, officers, and employees of institutional parties to the Action);

    (c) the named parties' attorneys and partners, associates, and employees of the attorneys' law firms;

    (d) in-house attorneys for any named party to this Action and regular employees of the in-house legal department of any named party in this Action;

4

Doc #:NY7:254661.5

(e) court reporters transcribing depositions or testimony in this Action;

(f) persons who are or were authors or recipients of the Confidential Discovery Materials;

(g) any expert retained or consulted by any party in connection with this Action and those working under their direction or control;

(h) any person who is a potential fact witness in the litigation, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Litigation materials; and

(i) outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

9.  No person shall disclose Highly Confidential Discovery Materials, directly or indirectly, to any other person except as provided in this Order. Highly Confidential Discovery Materials may be inspected by and disclosed only to the following persons, and only insofar as such inspection or disclosure is reasonably necessary for the prosecution or defense of this action:

(a) the Court, necessary Court personnel, and jurors;

(b) the named parties' attorneys and partners, associates, and employees of the attorneys' law firms;

(c) in-house attorneys for any named party to this Action and regular employees of the in-house legal department of any named party in this Action;

(d) court reporters transcribing depositions or testimony in this Action;

(e) persons who are or were authors or recipients of the Highly Confidential Discovery Materials;

  (f) any expert retained or consulted by any party in connection with this Action and those working under their direction and control; and

  (g) outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation and computer personnel performing duties in relation to a computerized litigation system.

10. Notwithstanding anything to the contrary in the foregoing paragraphs 8 and 9, any party may use without restriction:

  (a) Its own documents or information;

  (b) Documents or information concerning or reflecting transactions or communications to which it was a party; and

  (c) Documents or information developed or obtained independently of discovery in these proceedings;

irrespective of whether such documents or information have been designated as "Confidential" or "Highly Confidential."

11. Each person given access to designated Confidential Discovery Materials and Highly Confidential Discovery Materials shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed, either directly or indirectly, other than as provided by this Order. Prior to disclosure of any Confidential Discovery Materials to the persons identified in Paragraphs 8(g), 8(h), 9(f), and 9(g), each such person shall first:

  (i) read this Stipulation and Order; and

  (ii) sign a copy of the Acknowledgement, annexed as Exhibit A hereto, thereby becoming subject to this Stipulation and Order.

Doc #:NY7:254661.5

12. The executed Acknowledgements shall be filed with the attorneys of record for each party employing them, who shall retain all such Acknowledgements until further order of the Court.

13. In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Materials or Highly Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, pages containing such Confidential Discovery Materials or Highly Confidential Discovery Materials, information derived therefrom, or references to them, shall be filed only in sealed envelopes on which shall be endorsed the caption of the relevant action and which shall clearly bear the word "CONFIDENTIAL." All materials so filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not confidential and need not be preserved under seal. Redacted pages shall be filed in the public record.

14. Nothing herein shall prevent any party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Materials or Highly Confidential Discovery Materials in connection with any trial, hearing, or other proceeding in the Action.

15. If at any time any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to the person that first produced the relevant Discovery

Doc #:NY7:254661.5

Materials. The person to whom the subpoena is directed also shall make all reasonable, good faith efforts to provide the person that first produced the relevant Discovery Materials a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena.

16. The production of any Discovery Materials shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege or as work product, or that such document or other information is irrelevant to any claims or defenses raised in the Action, and no party shall be held to have waived any rights by such production. Upon written request by the producing party, the receiving party shall (a) return the original and all copies of such documents and (b) shall not use such documents or information for any purpose absent further order of the Court.

17. The inadvertent or unintentional disclosure by the supplying party of Confidential Discovery Materials or Highly Confidential Discovery Materials, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

18. Within sixty (60) days after termination of this Action, any person possessing any documents produced in discovery, or any Confidential Discovery Materials or Highly Confidential Discovery Materials, shall return all such documents and all such Confidential Discovery Materials and Highly Confidential Discovery

Materials, including all copies thereof, to the producing person, or their counsel, or, in lieu thereof, shall certify in writing that all such documents and Confidential Discovery Materials and Highly Confidential Discovery Materials have been destroyed.

19. Nothing herein shall be construed or affect in any way the admissibility of any document, interrogatory response or other evidence at trial of the Action.

20. This Stipulation and Order may only be modified by written agreement signed by counsel for all parties hereto and ordered by the Court.

Dated: New York, New York
November 17, 2006

LOCKS LAW FIRM, PLLC

By: _____
Seth R. Lesser (SL-5560)
Andrew P. Bell (AB-1309)
110 E. 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: _____
Leslie Gordon Fagen (LF-1285)
Walter Rieman (WR-4717)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Attorneys for Defendants

LAW OFFICE OF HARLEY J.
SCHNALL

By: _____
Harley J. Schnall (HS-7341)
711 West End Avenue
New York, New York 10025
(212) 678-6546

Attorneys for Plaintiffs

9

SO ORDERED:

_____
U.S.M.J.

Dated: 11-22-06

Doc #:NY7:254661.6

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVA JANES and BRUCE SCHWARTZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY, PETER S. KALIKOW, individually and as Chairman of the Metropolitan Transportation Authority, and SUSAN KUPFERMAN, individually and as President of the Triborough Bridge and Tunnel Authority,<br><br>    Defendants. | 06 CV 1427 (BSJ) (HBP)<br><br>**ACKNOWLEDGEMENT PURSUANT TO STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF <u>CONFIDENTIAL MATERIAL</u>** |

    I, _____, hereby acknowledge that I have received and read a copy of the Stipulation and Order Governing the Production and Use of Confidential Material, dated September __, 2006, in this matter (the "Order"), and am familiar with its provisions. For purposes of this Acknowledgement, the terms Confidential Discovery Materials, Highly Confidential Discovery Materials, and Action shall heave the meanings set forth in the Order. I agree as follows:

    (a) to be bound and abide by the terms of the Order;

    (b) not to use Confidential Discovery Materials or Highly Confidential Discovery Materials for any purpose other than in connection with the prosecution or defense of this Action;

Doc #:NY7:254661.5

    (c) not to reveal Confidential Discovery Materials or Highly Confidential Discovery Materials to any person other than a person authorized to receive such materials under this Order;

    (d) that, upon termination of my connection with this Action, I will return all Confidential Discovery Materials and Highly Confidential Discovery Materials to the counsel or the person who provided them in the first instance; and

    (e) to submit to the personal jurisdiction to the United States District Court for the Southern District of New York for purposes related to this Stipulation and Order.

Dated: _____

                                                           _____
                                                                       [Signature]

Doc #:NY7:254661.5